UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELEANOR SHERMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-2774 |
| | * | REF: 10-3194 |
| | * | |
| MANTLE OIL & GAS, LLC | * | SECTION "L"(4) |

## ORDER & REASONS

The Court has pending before it Plaintiffs' motion to remand one of two consolidated class actions. The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I.  BACKGROUND

This case arises out of an oil and gas well blowout in Assumption Parish, Louisiana. On August 11, 2010, a well owned by Defendant Mantle Oil & Gas, LLC ("Mantle") and operated by Defendant Cajun Well Service, Inc. ("Cajun") blew out, releasing gas and oil into the air and surrounding environment.

Two days later on August 13, 2010, a class action was filed in the 23rd Judicial District Court for the Parish of Assumption against Mantle and Cajun ("the *Hendrix* Action"). The petition sought to represent "persons similarly situated who live on, in neighboring communities, the motoring public, and/or own or occupy land in and around the area of the Mantle well who sustained damages to their property as a result of defendants' negligence as described in this petition."

On August 18, 2010, a second class action was filed in the Eastern District of Louisiana

against Mantle for damages arising out of the same well blowout ("the *Sherman* Action"). The *Sherman* Action was assigned to this section.

On September 17, 2010, Mantle and Cajun removed the *Hendrix* Action to the Eastern District of Louisiana, where it was assigned to this section. On October 14, 2010, the Court consolidated the *Hendrix* Action and the *Sherman* Action.

**II.     PRESENT MOTION**

The *Hendrix* Plaintiffs now move to remand their case to the 23rd JDC. (Rec. Doc. 10). The Plaintiffs argue that removal was not proper because the requisite amount in controversy is missing and the Court has no jurisdiction under the Class Action Fairness Act ("CAFA"). Alternatively, the Plaintiffs argue that even if the basic requirements for CAFA jurisdiction are met, the "local controversy" exception applies and the Court must decline to exercise jurisdiction. Defendants oppose the motion to remand, arguing that the amount in controversy is satisfied and that the "local controversy" exception to CAFA jurisdiction does not apply.

**II.     LAW & ANALYSIS**

**A.     CAFA jurisdiction**

Under CAFA, this Court has original jurisdiction over a civil action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and which is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant" and the class has at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5). Thus, if there is minimal diversity, a class of 100 members or more, and more than $5,000,000 in controversy, a class action filed in state court is properly removable. The party removing to federal court has the burden of establishing jurisdiction under CAFA. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Once CAFA

jurisdiction is established, a party seeking remand has the burden of proving by a preponderance of the evidence that an exception to CAFA jurisdiction applies. *Id.*

The presence of minimal diversity of citizenship is not disputed; Mantle is a citizen of Texas, and named class representatives are citizens of Louisiana. Rather, the parties dispute whether the amount in controversy is met. Defendants have the burden of establishing the amount in controversy. Plaintiffs have provided questionnaires indicating that the potential class consists of at least 585 members. However, the Court need not determine whether the claims of those 585 individuals, in the aggregate, exceed $5,000,000, because Plaintiffs have proved by a preponderance that an exception to CAFA jurisdiction applies and the Court must decline to exercise jurisdiction on that basis.

**B.    Local Controversy Exception**

Congress carved out an exception to the otherwise broad grant of jurisdiction over class actions filed in state court for actions relating to a "local controversy":

> (4)    A district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2)]--
> (A)(i) over a class action in which–
> > (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed;
> > (II)   at least 1 defendant is a defendant–
> > > (aa)   from whom significant relief is sought by members of the plaintiff class;
> > > (bb)   whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > (cc)   who is a citizen of the State in which the action was originally filed; and
> > (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

3

>   (ii)    during the 3-year period preceding the filing of that class
>           action, no other class action has been filed asserting the
>           same or similar factual allegations against any of the
>           defendants on behalf of the same or other persons ....

Plaintiffs arguing for remand have the burden of establishing the applicability of the local controversy exception. *Preston*, 485 F.3d at 797. The language of CAFA "favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved in favor of exercising jurisdiction over the case." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (quotation omitted).

All but one of the elements of the local controversy are satisfied and not in dispute. First, Plaintiffs have established that two-thirds of proposed class members are citizens of Louisiana, where the suit was filed. 28 U.S.C. § 1332(d)(4)(a)(i)(I). Plaintiffs submitted a sample of 343 questionnaires completed by potential class members establishing that well over two-thirds of the respondents live in Louisiana and intend to remain there. Moreover, the Court is permitted to use "common sense" in determining that a well blowout in Assumption Parish, Louisiana, likely affected a class consisting of greater than two-thirds Louisiana citizens. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 819 (5th Cir. 2007). Defendants do not dispute the citizenship of the class.

Second, Plaintiffs have adequately established that the class seeks significant relief from a Louisiana citizen whose conduct forms a significant basis for the claims asserted. 28 U.S.C. § 1332(d)(4)(a)(i)(II). Plaintiffs have sued both Mantle, the alleged owner of the well and a Texas corporation, and Cajun, the alleged operator of the well and a Louisiana corporation. All class members assert the same claims against each Defendant. As operator of the well at the time of

the accident, Cajun does not appear to be a minor player added to the suit to activate the local controversy exception. Again, Defendants do not challenge Plaintiffs' showing with respect to this element.

Third, neither party addresses or contests the requirement that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(a)(i)(III). The class action petition refers to property damage as well as inconvenience caused by road closures due to the well blowout. These alleged injuries were clearly incurred, if at all, in Louisiana in the vicinity of the well blowout.

The parties dispute only the fourth requirement, that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(a)(ii). The well blew out on August 11, 2010. Plaintiffs filed the *Hendrix* Action on August 13, 2010. The *Sherman* Action, the action filed in federal court, was not filed until August 18, 2010. Therefore, at the time the *Hendrix* action was filed, no other class action had been filed asserting similar factual allegations against any of the defendants. The fourth element of the "local controversy" exception to CAFA jurisdiction is met, and the Court must decline to exercise jurisdiction over the case.

Defendants cannot evade this outcome. The *Sherman* Action undoubtedly asserts similar factual allegations, but it was filed five days after the *Hendrix* Action and not in the 3-year period preceding it. The *Hendrix* Action was a local controversy at the time it was filed, and under the plain language of the exception the *subsequently*-filed *Sherman* Action does not matter. It may be true that "all doubts [should be] resolved in favor of exercising jurisdiction

5

over the case," but the undisputed timeline of the competing actions and the unambiguous language of the local controversy exception create no doubt to be resolved. *Evans*, 449 F.3d at 1163 (quotation omitted).

Undoubtedly, remanding the *Hendrix* Action to proceed in state court while the *Sherman* Action proceeds in this Court is inefficient. But it is not entirely unprecedented that a court may have jurisdiction over some but not all of a group of similar potential class actions that might otherwise benefit from consolidation. For example, this Court dealt with three proposed class actions brought on behalf of patients and visitors present in several local hospitals during Hurricane Katrina. The cases alleged similar theories that the hospital owners and operators negligently prepared for the storm. The Court had jurisdiction over two of those proposed class actions but remanded one to state court. *Compare Rivers v. Chalmette Med. Ctr., Inc.*, No. 06-5819, 2010 WL 2428662 (E.D. La. June 4, 2010), *and Samuel v. United Health Svcs.*, No. 06-7234, 2010 WL 2428107 (E.D. La. June 4, 2010), *with Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 463 F. Supp. 2d 583 (E.D. La. 2006).

The present situation is more striking because the two class actions arise out of exactly the same factual predicate, share a common defendant, and evidently possess overlapping proposed class definitions. Here, the Court must remand one class action but exercise jurisdiction over another solely because one group of attorneys beat another to the courthouse by five days. The parties have not cited and the Court's own research has not revealed another opinion addressing a situation quite like this.[1] Nonetheless, in these circumstances the statute

---

[1] The Court did identify one case in which two class actions were filed approximately an hour and a half apart, although that circumstance did not factor into the court's local controversy analysis. In *Lafalier v. Cinnabar Service Co.*, two factually related mass actions against different defendants were filed on the same day by the same attorneys, and one case was subsequently removed to federal court pursuant to CAFA. No. 10-0005, 2010 WL 1486900, at

6

requires that the Court decline to exercise jurisdiction over the *Hendrix* Action. Although the Court is confident that it has reached the outcome required by the statute, the removing Defendants have the option to seek an appeal. 28 U.S.C. § 1453(c)(1). In any event, in a matter such as this it is hoped that federal and state coordination can be achieved so as to maximize efficiency and minimize duplicative cost.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' Motion to remand is GRANTED. Case number 10-3194, *Hendrix, et al. v. Cajun Well Service, Inc., et al.*, is remanded to the 23rd Judicial District Court for the Parish of Assumption, State of Louisiana.

New Orleans, Louisiana, this 13th day of January, 2011.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

---

*1 (N.D. Okla. Apr. 13, 2010). The court remanded that case to state court on the basis of the local controversy exception, finding that § 1332(d)(4)(A)(ii) was satisfied because the two cases did not share any common defendants. *See id.* at *10. (emphasis added). Although the court concluded that it did not need to resolve which action was filed first to remand the case, it nonetheless found that there was no class action concerning similar factual allegations on file at the time the removed action was filed. The removed action was time-stamped at 3:23 p.m. and an attorney testified that he filed the related action "just before the close of business" (5:00 p.m.) on the same day, or approximately one and a half hours later. *See id.* at *1, 10 & n.9.