UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELEANOR SHERMAN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-2774** |
| | * | **REF: 11-76** |
| | * | |
| **MANTLE OIL & GAS, LLC** | * | **SECTION "L"(4)** |

## ORDER & REASONS

The Court has pending before it a motion filed by the Plaintiffs in *Edward E. Jacob, et al. v. Mantle Oil & Gas, LLC, et al.*, No. 11-76, consolidated with the above-captioned action, to dismiss their action voluntarily pursuant to Federal Rule of Civil Procedure 41.  (Rec. Doc. 29). The Court has reviewed the briefs and supplemental materials as well as the applicable law and now issues this Order and Reasons.

**I.     BACKGROUND**

This case arises out of an oil and gas well blowout in Assumption Parish, Louisiana.  On August 11, 2010, a well owned by Defendant Mantle Oil & Gas, LLC ("Mantle") and operated by Defendant Cajun Well Service, Inc. ("Cajun") blew out, releasing gas and oil into the air and surrounding environment.

Three class action lawsuits have been filed in response to the incident.  On August 13, 2010, a class action was filed in the 23rd Judicial District Court for the Parish of Assumption against Mantle and Cajun ("the *Hendrix* Action").  The petition sought to represent "persons similarly situated who live on, in neighboring communities, the motoring public, and/or own or occupy land in and around the area of the Mantle well who sustained damages to their property

as a result of defendants' negligence as described in this petition."

On August 18, 2010, a second class action was filed in the Eastern District of Louisiana against Mantle for damages arising out of the same well blowout ("the *Sherman* Action"). The *Sherman* Action was assigned to this section.

On September 17, 2010, Mantle and Cajun removed the *Hendrix* Action to the Eastern District of Louisiana, where it was assigned to this section. On October 14, 2010, the Court consolidated the *Hendrix* Action and the *Sherman* Action. The Court remanded the *Hendrix* Action to the 23rd JDC on January 14, 2011. (Rec. Doc. 27).

On December 10, 2010, a third class action was filed in the 23rd JDC against Mantle and Cajun ("the *Jacob* Action"). On January 13, 2011, the *Jacob* Action was removed to the Eastern District of Louisiana, where it was transferred to this section and consolidated with the *Sherman* Action.

## II.   PRESENT MOTION

The named Plaintiffs in the *Jacob* Action now move to dismiss their claim without prejudice. They contend that the case is in its infancy and that voluntary dismissal is appropriate under the Federal Rules and will not prejudice the Defendants.

Mantle and Cajun oppose the motion. They argue that the *Jacob* Plaintiffs are forum-shopping and that any voluntary dismissal should be with prejudice. Alternatively, Mantle and Cajun argue that dismissal without prejudice should be conditioned on the Plaintiffs paying fees and costs in opposing the suit.

The Court ordered Mantle and Cajun to submit an itemized statement of their costs, fees, and expenses. They complied, submitting statements reflecting $350 in filing fees in connection with removing the *Jacob* Action to this court, and $9,880.50 in attorneys' fees in connection

with removing the suit, filing an answer, and opposing the motion for voluntary dismissal. Plaintiffs filed a response reiterating its argument that unconditional voluntary dismissal is appropriate, or alternatively that the Court should condition dismissal on payment only of filing costs and not attorneys' fees.

## II.     LAW & ANALYSIS

Cajun and Mantle answered the state court petition after removal. Therefore, Plaintiffs may voluntarily dismiss their action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317-18. "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010).

Defendants argue that they are prejudiced because they have incurred costs and fees in opposing the *Jacob* Action, and would incur further costs and fees in opposing a subsequent suit re-filed in state court. However, Plaintiffs attest that they will not file another suit in state court and will instead seek to vindicate their claims as class members in the *Hendrix* Action which is already pending in the 23rd JDC. The Court concludes that Defendants will not suffer any plain legal prejudice from voluntary dismissal without prejudice. Nonetheless, the Court exercises its discretion under Rule 41(a)(2) to condition the dismissal without prejudice on Plaintiffs'

payment of Defendants' filing fee in connection with removal of the *Jacob* Action in the amount of $350, and reasonable attorneys' fees in the amount of $400.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' Motion is GRANTED IN PART. Within 14 days of the entry of this Order and Reasons, Plaintiffs shall pay to Defendants $750 for the filing fee paid by Defendants in removing this case from state court and reasonable costs, and shall submit to the Court a written statement that the payment has been made.  Upon receipt of that statement, the Court will enter an Order of Dismissal dismissing case number 11-76, *Jacob, et al. v. Mantle Oil & Gas LLC., et al.*, without prejudice.

New Orleans, Louisiana, this 30th day of March, 2011.

*/s/ Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE